THE CITIZENS' NATIONAL BANK v. WEBSTER *et al.*

Husband and Wife: RIGHTS OF WIFE AS HUSBAND'S CREDITOR: FRAUDULENT CONVEYANCE.   Where a wife loans money to her husband she becomes his creditor, and may enforce her claim the same as other creditors; and a conveyance made by her husband to her, in good faith, in payment of money so loaned, cannot be set aside to satisfy the demands of other creditors.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, DECEMBER 22, 1888.

ACTION in equity by a creditor's bill, to subject certain property, conveyed by defendant to his wife, to a judgment against him in favor of plaintiff. Other judgment creditors intervene, asking the enforcement of their judgments in the same way. Plaintiff's petition was dismissed upon a trial on the merits. He and the intervenors appeal.

*Gatch, Connor & Weaver, Berryhill & Henry* and *Mitchell & Dudley,* for appellants.

*Phillips & Day,* for appellees.

BECK, J.—The defendant Webster, being indebted to plaintiff and the intervenors, conveyed certain lands, constituting a farm, to his wife. About five months afterwards judgments were had upon the claims, the suits having been brought by attachment about the time the deed to his wife was made by the husband. The plaintiff and intervenors insist that the deed to the wife is void, as being in fraud of their rights as creditors. The evidence requires us to find that the wife, at her marriage, had money amounting to about fifteen hundred dollars, which she loaned to her husband under a promise to repay it. Subsequently she loaned him other sums held in her own right, upon a like promise. The lands were, upon the wife's request, conveyed to her in payment of the husband's indebtedness, incurred as just shown. They were conveyed subject to incumbrances, which, with the indebtedness to the wife, amounted to about the value of the property. The conveyance, we find, was made in good faith, and not for the purpose of delaying, hindering or defeating the husband's creditors. Upon these facts we are required

to sustain the conveyance, under the rule of the law prevailing in this state, where the property of the wife, at marriage, does not vest in the husband, and a good-faith contract for the loan and repayment of money may be enforced as contracts between other persons.

We think the evidence does not, as is claimed by plaintiff's counsel, show a state of facts which will raise an estoppel against the wife, so that she cannot deny that her property is subject to her husband's debts. It is not a case where the wife is claiming to hold the property on the ground that it was bought with her money, the title being taken in the husband's name, upon the strength of which he got credit, but is a case wherein the wife is a *bona-fide* creditor of the husband, and the property was conveyed to her in payment of her husband's debt. If the wife may be a creditor of the husband, she may enforce her rights as other creditors. In this state she may become the husband's creditor, possessing all the rights of other creditors. We unite in the opinion that the judgment of the district court ought to be.

AFFIRMED